19 F.3d 1438
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Mark Wayne TOVY, Appellant.
 No. 93-3574.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 17, 1994.
Filed: March 24, 1994.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mark Wayne Tovy was charged in a two-count indictment with having attempted to possess, with the intent to distribute, methamphetamine and marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). He appeals from the judgment of conviction entered on a jury verdict that found him guilty on both counts. We affirm.
 
 
 2
 In the fall of 1992, Tovy was working as a part-time undercover police officer for the Lonoke County, Arkansas, Sheriff's Department Drug Task Force Agency. Tovy's duties included setting up drug buys and gathering evidence for drug arrests in Lonoke County. Tovy hired one Larry Witcher as a confidential informant, and the two men had worked together on approximately fifty or sixty arrests prior to the incident that gave rise to this prosecution.
 
 
 3
 On October 27, 1992, Witcher told a special agent of the Seventh Judicial District Task Force that Tovy had approached him with a scheme to rip off some drug dealers and that he (Witcher) did not know what to do about it. Witcher was ultimately referred to the Arkansas State Police, who, after hearing his story, decided to set up a controlled situation wherein Tovy would be given an opportunity to steal drugs and money from a fictitious drug dealer.
 
 
 4
 In accordance with this plan, Witcher told Tovy that he would be meeting with a drug dealer at a hotel in Little Rock on the night of November 5, 1992, and that while Witcher and the dealer were at a night club, Tovy was to steal drugs and money from the trunk of the dealer's automobile.
 
 
 5
 Tovy arrived at the designated hotel that evening. After peering into the darkened room in which Witcher had indicated the drug dealer would be staying, Tovy left the hotel and entered the drug dealer's vehicle. Using the key that Witcher had given him earlier that day, Tovy put the car into gear and started to drive away, whereupon members of the Arkansas State Police converged upon him and placed him under arrest.
 
 
 6
 Tovy argues that because at the time of his arrest he was acting in his capacity as a law enforcement officer, he was immune from prosecution under the provisions of 21 U.S.C. Sec. 885(d), which grants immunity from civil and criminal liability to state and local law enforcement officers for conduct occurring while they are lawfully engaged in the enforcement of any law relating to controlled substances. Tovy argues that the district court[1] therefore erred in denying his motion for judgment of acquittal. Whether Tovy was lawfully engaged in the enforcement of any law relating to controlled substances at the time of his arrest was a question of fact for the jury, however, see United States v. Reeves, 730 F.2d 1189 (8th Cir. 1984), and there is sufficient evidence to support the jury's finding that he was not so engaged. Accordingly, the district court did not err in denying the motion for judgment of acquittal.
 
 
 7
 Next, Tovy argues that his due process rights were violated by the outrageous manner in which the Arkansas State Police set up and then executed the sting operation. He contends, among other things, that had the police used forethought instead of acting in haste they would have waited to see whether he concealed the theft of the drugs or properly reported the drugs through appropriate police channels. Putting aside the fact that Tovy did not raise this argument in the district court, we find no merit in the argument.
 
 
 8
 Tovy contends that the government introduced testimony regarding his assertion of his right to remain silent, in violation of the holding in Doyle v. Ohio, 426 U.S. 610 (1976). As Tovy concedes, he did not raise an objection to this testimony at trial, and thus we may review this claim only under the plain error standard of review. Having reviewed the challenged testimony, we agree with the government's view that the testimony, which came in on rebuttal, was a permissible comment upon Tovy's statements during cross-examination that he had not talked to the police following his arrest.
 
 
 9
 We have considered and find to be without merit Tovy's contention that the district court erred in overruling his hearsay objection to certain testimony.
 
 
 10
 The judgment of conviction is affirmed.
 
 
 
 [1]
 Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas